### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Swimwear Solution, Inc., | ) |
|           Plaintiff, | ) |
| v. | )   Case No. 17-CV-2691-JAR-GLR |
| Orlando Bathing Suit, LLC d/b/a Everything But Water, | ) |
|           Defendant. | ) |

### MEMORANDUM AND ORDER

The Court has for consideration the Motion for a Protective Order (ECF 63). Defendant Orlando Bathing Suit, LLC d/b/a Everything But Water asks the Court for a protective order, as provided by Fed. R. Civ. P. 26(c)(1) and D. Kan. Rule 26.2(a), against proceeding with the deposition of Michele Fichter on June 21, 2018. After hearing arguments from both parties, the Court has granted the motion in part and denied it without prejudice in part.

In May, the parties by agreement set the deposition of Michele Fichter for June 21, 2018. The notice for the deposition was filed June 8, 2018 (ECF 60). An amended notice, correcting the date of the deposition, was filed June 14, 2018 (ECF 61). The notices require Ms. Fichter duces tecum to produce four categories of documents:

1. All previously unproduced documents responsive to Plaintiff's Requests for Production of Documents
2. All previously unproduced documents identified by Orlando Bathing Suit, d/b/a/ "Everything but Water" ("EBW") in its Initial Rule 26(a)(1) Disclosures, served on January 30, 2018
3. All documents necessary to supplement or substantiate previous discovery responses, including, but not limited to, documents substantiating EBW's refusal to admit matters in Defendants' Requests for Admissions

    4. All previously unproduced documents required to be disclosed
under Fed R. Civ. P. 26.[1]

Defendant objected to the request that Ms. Fichter produce the designated documents. It points out that she is neither a party to this case nor a corporate representative, and therefore under no obligation to produce them. Defendant further contends that, despite discussing the deposition and agreeing on its date, the parties did not discuss any requirement for Ms. Fichter to produce any documents. Defendant filed the present motion on June 19, 2018, stating it had attempted to confer with Plaintiff (which Plaintiff does not dispute), but that the parties had been unable to reach a solution.

Upon request and with agreement of counsel for the parties, the Court set the motion for expedited hearing on June 20, 2018. Defendant maintained that Ms. Fichter is not a party and should not be obligated to produce documents on behalf of Defendant. Further, Defendant was not provided sufficient notice, as required by Fed. R. Civ. P. 34(b)(2)(A), to respond to the request for documents. Plaintiff argued that Defendant has an ongoing obligation to produce and supplement its production of requested documents and thus had sufficient notice and a duty to produce them in the course of the deposition.

Neither the original notice nor the amended notice designates Ms. Fichter as a corporate representative of Defendant. Nor does the notice describe "with reasonable particularity the matters for examination" pursuant to Fed. R. Civ. P. 30(b)(6). The Court finds Ms. Fichter has not been designated as a corporate representative for the purpose of the deposition and, consequently, has no duty to produce the requested documents in response to the notice. The four requests, moreover, are overly broad and nonspecific. Defendant's motion is therefore granted as

---

[1] ECF 61 at 3 (Exhibit A).

it relates to the production of documents.  The motion is otherwise denied.  The deposition of Ms. Fichter may proceed without any duty for her to produce documents.

The motion for protective order may have asserted one or more additional issues in opposition to the deposition, which the Court has not addressed in this order.  Accordingly, the ruling of this order is without prejudice to any such issue.  If necessary, the parties may address them with memoranda, consistent with D. Kan. Rules.

Upon oral motion of Defendant, the Court has also granted its request to stay the deposition, because defense counsel lacks transportation to the deposition, which was set to proceed in Florida on June 21, 2018. The Court defers any decision, if the issue arises, as to who should be financially responsible for the need to stay the deposition.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Protective Order is granted in part and denied without prejudice in part as set forth herein.

Dated June 21, 2018, at Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge